UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CARMEN D. SOTO RIOS,**

    **Plaintiff,**

v.                                         Case No.: 8:22-cv-01089-AAS

**WAL-MART STORES EAST, LP,**

    **Defendant.**
_____/

**ORDER**

Plaintiff Carmen D. Soto Rios moves to remand this action to state court and for an award of attorney's fees and costs. (Doc. 6). Defendant Wal-Mart Stores East, LP (Wal-Mart) opposes the motion. (Doc. 10).

**I.  BACKGROUND**

On November 4, 2021, Soto Rios sued Wal-Mart in the Thirteenth Circuit in and for Hillsborough County, Florida. On December 9, 2021, Wal-Mart answered the complaint. On April 29, 2022, Wal-Mart removed the action to this court based on diversity jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a). (*See* Doc. 1).

Soto Rios now moves to remand this action, arguing Wal-Mart's removal was untimely because it was not done within thirty days of notice of the amount in controversy. (Doc. 6). Soto Rios also requests an award of attorney's

1

fees and costs incurred because of removal. (*Id.*). In response, Wal-Mart argues the removal is timely because Wal-Mart received notice of the amount in controversy after receiving Soto Rios's discovery responses on April 8, 2022. (Doc. 10).

## II. ANALYSIS

### A. Motion for Remand

"[A]ny civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed ... to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly ... [and] ... all doubts about jurisdiction should be resolved in favor of remand to state court." *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) ("removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand").

A district court has original jurisdiction where both "the matter in controversy exceeds the sum or value of $ 75,000" and the parties are "citizens of different States." 28 U.S.C. § 1332(a). "The substantive jurisdictional

requirements, however, are not the only hurdles that a removing defendant must clear. There are also procedural requirements regarding the timeliness of removal." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 756 (11th Cir. 2010). 28 U.S.C. §1446(c)(3)(A) states:

> If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy *in the record of the State proceeding* or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)."[1]

(emphasis added).

The civil cover sheet filed in the State proceeding lists the estimated amount of the claim as **$2,000,000**. (*See* Doc. 20). Under 28 U.S.C. §1146(c)(3)(A), the civil cover sheet is information in the record of the "State proceeding" that "shall be treated as an 'other paper.'" Thus, Wal-Mart's removal was untimely.

B. **Request for Attorney's Fees and Costs**

Attorney's fees, costs, and expenses may be awarded on a motion to remand "only where the removing party lacked an objectively reasonable basis

---

[1] Subsection (b)(3) states "[e]xcept as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service *or otherwise*, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. §1446(b)(3) (emphasis added).

3

for seeking removal." *Martin v. Franklin Capital Corp.*, 126 S. Ct. 704, 711 (2005). In *Martin*, the Supreme Court set forth that the "appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* The court further stated:

> In light of these "'large objectives,'" . . . the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. . . .

*Id.*

Although Soto Rios prevailed on the motion to remand, in consideration of the test in *Martin*, the court finds this is not a case of improvident removal. Wal-Mart presented an objectively reasonable basis for removal and for its contention that the removal was timely. Thus, an award of attorney's fees and costs is not warranted.

## III. CONCLUSION

Accordingly, Soto Rios's Motion for Remand and an Award of Attorney's Fees and Costs (Doc. 6) is **GRANTED in part and DENIED in part**. Soto Rios's request for an award of attorney's fees and costs is denied. Soto Rios's

request for remand is granted and the Clerk is **DIRECTED** to remand this action to the Thirteenth Circuit in and for Hillsborough County, Florida.

**ORDERED** in Tampa, Florida on July 1, 2022.

*Amanda Arnold Sansone*

AMANDA ARNOLD SANSONE
United States Magistrate Judge